**PORT ARTHUR SHIPPING CORPORATION and Texas Employers' Insurance Association, Appellants,**

v.

**C. D. CALBECK, Deputy Commissioner, Eighth Compensation District U. S. Department of Labor, Bureau of Employees' Compensation, et al., Appellees.**

**No. 18256.**

United States Court of Appeals Fifth Circuit.

Feb. 9, 1961.

Carl O. Bue, Jr., Royston, Rayzor & Cook, Houston, Tex., for appellants.

Herbert P. Miller, Asst. Sol., Alfred H. Meyers, Atty., Dept. of Labor, Washington, D. C., Ward Stephenson, Orange Tex., Lloyd W. Perkins, Asst. U. S. Atty., Paul N. Brown, U. S. Atty., Tyler, Tex., Harold C. Nystrom, Acting Sol., Dept. of Labor, Washington, D. C., for appellees.

Before TUTTLE, Chief Judge, HUTCHESON, Circuit Judge, and CLAYTON, District Judge.

PER CURIAM.

The employer of this deceased longshoreman here attacks the decision of the

Deputy Commissioner of the United States Bureau of Employees' Compensation finding that one Beatrice was the widow of Eli Mason, the longshoreman within the definition of the Act, 33 U.S.C.A. § 902(16).

■ We conclude that the evidence before the Deputy Commissioner warranted his finding that the "conjugal nexus between the claimant and the decedent (was) subsisting at the time of the latter's death." See Thompson v. Lawson, 347 U.S. 334, 336, 74 S.Ct. 555, 557, 98 L.Ed. 733.

■ Here the decedent continued to furnish support for Beatrice and he treated her as an object of his concern, even though he had technically deserted her. The fact that she found other fleeting but impermanent domestic attachments did not prevent her from meeting the requirement of the Act which, as construed by the Supreme Court, is "that she must continue to live as the deserted wife of the (decedent)."

The judgment is affirmed.